On the court's own motion, appeal dismissed July 2, petition for review denied September 23, 1997 (326 Or 57)

David HOPPER,
Rachel Hopper and Zarabeth Whitaker,
*Respondents,*

*v.*

John Huntington WILKS,
*Appellant.*

(97-01-28453S; CA A96662)

942 P2d 300

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, P. J.

Haselton, J., concurring.

.

LANDAU, P. J.

On March 12, 1997, *pro se* appellant filed a notice of appeal from a stalking protective order entered February 10, 1997. One of the conditions of the order that appellant wishes to challenge is that he have no contact with respondents, including through third parties or by mail. Apparently because of that condition, appellant did not serve respondents with a copy of the notice of appeal. The notice of appeal certifies that appellant did send a copy of it addressed to respondents at:

"C/O Malheur County Circuit Court ATTN: Judge Pratt
251 B Street W.
Vale, Oregon"

Approximately two weeks later, the Appellate Court Records Section sent respondents a routine title correction letter. *See* ORAP 2.25(3). In response, respondents notified this court that they had not been served with the notice of appeal.

On April 22, 1997, we issued an order to show cause why the appeal should not be dismissed for failure to comply with ORS 19.023(2)(a) and ORS 19.033(2)(a), regarding service of the notice of appeal. Appellant responded by sending the court a facsimile of two certified mail return receipts, showing that the service copies of the notice of appeal were received by the trial court. He offered no other response.

■■ ORS 19.023(2)(a) provides that a notice of appeal must be served on all parties who have appeared in the action. ORS 19.026(1) provides that service of the notice of appeal shall be accomplished within 30 days after the judgment appealed from is entered in the register. ORS 19.033(2)(a) further provides that timely service on all parties as required in ORS 19.023(2)(a) is jurisdictional and may not be waived or extended. In this case, respondents were parties who appeared in the action. They were not timely served with the notice of appeal, and the time has since passed for doing so. Because the timely service of the notice of appeal on all parties who have appeared in the action is jurisdictional and may not be waived or extended, we are required to dismiss the appeal.

Appeal dismissed.

**HASELTON, J.,** concurring.

The majority's result is correct. It is also unfair. Appellant, a *pro se* litigant, was trapped between the service dictates of ORS 19.023(2)(a) and the constraints of the Stalking Protective Order. He did his best to reconcile the two, but his best wasn't good enough.

This appeal cannot be saved. However, future appeals can, and should, be saved by altering the boilerplate language of form stalking protective orders, like the one issued in this case, to permit "contact" in the form of service of the notice of appeal as prescribed in ORS 19.028(2).[1] Failing that prophylactic cure, a litigant in appellant's position should apply to the trial court for an appropriately tailored modification of the stalking protective order.

---

[1] ORS 19.028(2) provides:

"Service of notice of appeal on a party, court reporter or the clerk of the trial court, or service of a petition for judicial review on a party or administrative agency may be accomplished by first class, registered or certified mail. The date of serving such notice shall be the date of mailing. Proof of mailing shall be certified by the party filing the notice and filed thereafter with the court to which the appeal is taken."